IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY HARDAGE,

        Plaintiff,

  v.

RYAN LOOSLI, et al.,

        Defendants.

No. 6:13-cv-569-TC

FINDINGS and RECOMMENDATION

COFFIN, Magistrate Judge:

    Plaintiff has a long and prolific history with this court and is back once again seeking to vindicate alleged constitutional violations related to actions taken by Child Protective Services with respect to his children. Plaintiff seeks to proceed *in forma pauperis* (IFP). The court finds that plaintiff is unable to afford the costs of this action. Accordingly, this action may go forward without the payment of fees or costs.

1    - FINDINGS and RECOMMENDATION

However, plaintiff's complaint is deficient in many respects and those deficiencies cannot be cured via amendment. As other judges of this court have noted, plaintiff has raised similar claims already and is precluded from raising them yet again. See, e.g., Hardage v Loosli, 6:12-cv-2081-AA, Order dated February 12, 2013. In that action plaintiff asserted, among other things, that in December of 2010, "Ryan Loosli CPS, and CPS while acting under color of state authority [deprived] the plaintiff of his visits with his children because plaintiff would not sign papers claiming physical sexual abuse..." Hardage v Loosli, 6:12-cv-2081-AA, Complaint (#1) at p. 12-13. Plaintiff sought an injunction forbidding CPS from using its customs and policies to secure children. Id. at p. 13. The court dismissed that complaint based, in part, on claim preclusion and that case is currently on appeal.

In this action, plaintiff once again asserts that defendant Loosli and others met with plaintiff in December of 2010 and other dates, presented documents for plaintiff to sign agreeing that he physically and sexually abused his children and agreeing to comply with CPS directives. Plaintiff again alleges that the refusal to sign resulted in his inability to visit his children in violation of his constitutional rights. Plaintiff seeks, among other forms of relief, an injunction forbidding the use of CPS policies to deny visitation.

Claim preclusion prohibits an action on any claims that were raised or could have been raised in a prior action when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002). Plaintiff has litigated the issues raised in his complaint numerous times and is currently litigating the same issues in the Ninth Circuit. Accordingly, plaintiff is precluded from again seeking to litigate the claims raised through this action. Pursuant to 28 U.S.C. § 1915(e)(2), the complaint should be dismissed.

CONCLUSION

For the reasons stated above, plaintiff's motion to proceed IFP (#2) is granted, but the complaint should be dismissed without service of process.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which

to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this __13__ day of May, 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge